IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| PHILIP DECOHEN, | * | |
| Plaintiff, | * | |
| v. | * | CIVIL NO.: WDQ-10-3157 |
| CAPITAL ONE, N.A., *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**FINAL JUDGMENT APPROVING SETTLEMENT AND**
**CERTIFYING SETTLEMENT CLASS**

Upon review and consideration of the Settlement Agreement dated December 20, 2013 (the "Settlement Agreement"), by and between Plaintiff Philip Decohen (acting individually and on behalf of the Class defined below – hereinafter referred to as "Representative Plaintiff" or "Named Plaintiff") and Defendant Capital One, N.A. (hereinafter referred to as "Defendant" or "Capital One"), the memoranda and arguments of counsel, and the lack of any objections to the settlement,

IT IS HEREBY ORDERED and ADJUDGED as follows:

1. Pursuant to FED. R. CIV. P. 23, the Court approves the settlement of this action, as embodied in the terms of the Settlement Agreement, and finds that the Settlement is, in all respects, fair, reasonable, and adequate and in the best interest of the Class members in light of the factual, legal, practical and procedural considerations raised by this case. The Settlement Agreement is the product of good faith arms-length negotiations by the Parties, each of whom was represented by experienced counsel. The Settlement Agreement is incorporated by

reference into this Order (with capitalized terms as set forth in the Settlement Agreement), is hereby adopted as an Order of this Court, and becomes part of the final judgment in this action. In the event of a conflict between the text of this Order and the text of the Settlement Agreement, the text of the Settlement Agreement shall prevail.

2. For the purpose of settlement, as addressed further below, pursuant to FED. R. CIV. P. 23(a), 23(b)(2) and 23(b)(3), the Court hereby finally certifies the following Class defined as follows:

> All borrowers in up to 2,207 transactions who financed GAP Agreements which allow for the use of retail car guides in the calculation of the vehicle's value, where the borrowers suffered a total loss of the vehicle. This Settlement Class includes two subclasses: (1) all borrowers in up to 1,500 transactions where no Remaining Loan Balance remained due on the account following the total loss and the application of the GAP Agreement (the "No Balance Subclass"); and, (2) all borrowers in up to 761 transactions where a Remaining Loan Balance remained due on the account following the total loss and the application of the GAP Agreement (the "Balance Subclass").
>
> Excluded from the Class are: (1) those individuals who now are or have ever been executives of the Defendant and the spouses, parents, siblings and children of all such individuals; (2) any individual whose Automobile Loan Account was not originated in the State of Maryland; (3) any individuals against whom a judgment has been granted in favor of Capital One on the account at issue on or before the date of the filing of the Complaint in this case; (4) any individual who was granted a discharge pursuant to the United States Bankruptcy Code, or state receivership laws prior to the date of Final Approval; and (5) any individual otherwise obligated on an Automobile Loan Account that was satisfied more than six months prior to the filing of the Complaint in this case.

3. The Court finds that the notices previously given to customers who were involved in 2,098 transactions with the Defendant – including 761 Balance Subclass transactions and 1,338 No Balance Subclass transactions – were in compliance with the Order Preliminarily Approving Settlement, Certifying Class for Settlement Purposes, Appointing Class Counsel and Settlement Administrator, and Setting Schedule with Respect to Notice, Settlement Hearing and

Administration dated January 13, 2014 (ECF No. 78), the Amendment to Order Preliminarily Approving Settlement, Certifying Class for Settlement Purposes, Appointing Class Counsel and Settlement Administrator, and Setting Schedule with Respect to Notice, Settlement Hearing and Administration dated January 24, 2014 (ECF No. 81), the Order Approving Supplemental Notice dated February 25, 2014 (ECF No. 84) and the Order Approving Supplemental Notice to Certain Class Members and Increase to the Settlement Fund dated March 13, 2014 (ECF No. 86), and constituted the best notice practicable under the circumstances and satisfy the requirements of due process and FED.R.CIV.P. 23. The Court further finds that all customers identified as Class members in these tranactions fall within the Class definition approved above.

4. The Court finds that no Class members have elected to exclude themselves from the settlement.

5. The Court appoints Philip Decohen as the Representative Plaintiff of the Class and finds that he meets the requirements of FED.R.CIV.P. 23(a)(4).

6. The Court appoints the following lawyers as Class Counsel and finds that these counsel meet the requirements of FED.R.CIV.P. 23(a)(4):

> Benjamin H. Carney
> Martin E. Wolf
> GORDON, WOLF & CARNEY, CHTD.
> 102 West Pennsylvania Avenue, Suite 402
> Baltimore, Maryland 21204
>
> Mark H. Steinbach
> Of Counsel
> O'TOOLE ROTHWELL
> 1350 Connecticut Ave., NW, Suite 200
> Washington, D.C. 20036

Benjamin H. Carney is hereby appointed as Lead Counsel for the Class.

7.     For the reasons discussed in the accompanying Memorandum Opinion, all the requirements for class certification are met in this case.

8.     For the reasons discussed in the accompanying Memorandum Opinion, the settlement is fair, adequate, and reasonable. Accordingly, the motion for final settlement approval (ECF No. 87), BE, and HEREBY IS, GRANTED. The Settlement Agreement shall govern all issues regarding the settlement and all rights of the parties to this settlement, including Class members. Each Class member shall be bound by the Agreement, including the releases in the Settlement Agreement.

9.     The parties are hereby ORDERED promptly to carry out their respective obligations under the Settlement Agreement and Strategic Claims Services is hereby DIRECTED to make payments to those Class Members entitled to monetary payments under the Settlement Agreement consistent with the terms of the Settlement Agreement.

10.    The motion for an award of attorney's fees and expenses (ECF No. 90), BE, and HEREBY IS, GRANTED. In accordance with the Agreement, Strategic Claims Services shall transfer from the Settlement Fund to the Trust Account of Gordon, Wolf & Carney, Chtd, lead Plaintiff's Counsel, attorney's fees in the amount of 1/3 of the Settlement Fund, not including the amount paid into the separate Settlement Fund account under the Order Approving Supplemental Notice to Certain Class Members and Increase to the Settlement Fund dated March 13, 2014 (ECF No. 86), to be distributed among counsel for the Plaintiff Class in accordance with their agreement, plus expenses in the amount of $5,504.09.

11.    The motion for incentive award to the named class representative (ECF No. 89), BE, and HEREBY IS, GRANTED. In accordance with the Agreement, within ten (10) calendar days after the Effective Date, as defined in the Settlement Agreement, Capital One shall make an

incentive payment of $10,000 to Named Plaintiff Philip Decohen separate and apart from the Settlement Fund.

12. The motion to approve *cy pres* award (ECF No. 88), BE, and HEREBY IS, GRANTED. The Court hereby approves the protocol for distributing the *cy pres* funds provided for in ¶ 19 of the Settlement Agreement as fair, reasonable, and warranted under the circumstances. The *cy pres* funds shall be evenly divided between the Maryland Consumer Rights Coalition, Civil Justice, Inc., and the Just the Beginning Foundation.

13. All Released Claims of each Class Member (as those terms are defined in the Settlement Agreement) are hereby dismissed with prejudice.

14. Each and every Class Member is permanently enjoined from bringing, joining, assisting in, or continuing to prosecute against any of the Released Persons for any of the Released Claims.

15. This Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation, and enforcement of the Settlement Agreement. The Court further retains jurisdiction to enforce this Order entered this day.

BY ORDER OF THE COURT

Dated: April 17, 2014

_____
Hon. William D. Quarles, Jr.
Judge, U.S. District Court for the
District of Maryland